UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANGELA DICKHUDT,** | **2:22-CV-12838-TGB-DRG** |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | |
| | **OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF NO. 22)** |
| **COBX CO.,** | |
| Defendant. | **AND DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 20)** |

This case arises from the COVID-19 pandemic and Defendant COBX Co.'s decision to deny Plaintiff Angela Dickhudt a religious exemption from its mandatory vaccination policy. Plaintiff initiated this action on November 22, 2022, ECF No. 1, and filed a First Amended Complaint on March 1, 2023, alleging that Defendant violated Title VII and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"). ECF No. 9. Defendant filed an Answer to Plaintiff's First Amended Complaint, ECF No. 10, and then filed a motion for judgment on the pleadings. ECF No. 20. Shortly after, Plaintiff filed a motion for leave to file a second amended complaint. ECF No. 22. Both motions have been fully briefed. ECF Nos. 23, 24, 25, 26. Pursuant to the Court's September 16, 2024

Notice, ECF No. 28, and Eastern District of Michigan Local Rule 7.1(f)(2), these motions will be determined without oral argument.

For the reasons set forth below, Plaintiff's motion for leave to file a second amended complaint will be granted, and Defendant's motion for judgment on the pleadings will be denied as moot.

## I.   BACKGROUND

Plaintiff worked for Defendant as an IT Vendor Specialist for almost 10 years until her termination on January 5, 2022. First Am. Compl. ¶ 10, ECF No. 9, PageID.152. Plaintiff and her entire team worked completely remotely. *Id.* ¶ 11. On November 1, 2021, Defendant announced that "all employees and contractors, including those working remotely" must be vaccinated against COVID-19 by December 8, 2021. *Id.* ¶¶ 12-13. After that announcement, Plaintiff submitted a religious accommodation request seeking an exemption from Defendant's COVID-19 vaccination requirement. *Id.* ¶ 38. Plaintiff asserts that she "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer" and that her "sincerely held religious beliefs preclude her from taking the COVID-19 vaccine." *Id.* ¶¶ 36-37. Plaintiff's request for an accommodation was denied. *Id.* ¶ 39. Plaintiff did not receive the COVID-19 vaccination and she was subsequently placed on unpaid leave. *Id.* ¶ 40. Plaintiff's employment was ultimately terminated on January 5, 2022. *Id.* ¶ 41.

Defendant filed an answer to Plaintiff's amended complaint on March 15, 2023. ECF No. 10.

On July 28, 2023, the Court entered a stipulated order to consolidate this action and more than 100 other cases for the purpose of discovery only. Stipulated Order, ECF No. 16.

On February 29, 2024, Defendant filed a motion for judgment on the pleadings, arguing that Plaintiff's claims must be dismissed because she failed to allege a sincerely held religious belief, and that she failed to allege facts establishing that any similarly situated employee was treated more favorably. ECF No. 20.

On March 20, 2024, Plaintiff filed a motion for leave to file a second amended complaint, ECF No. 22, attaching as an exhibit her proposed second amended complaint. ECF No. 22-1. In her proposed second amended complaint, Plaintiff includes additional details about her religious beliefs and how these beliefs conflicted with Defendant's COVID-19 vaccine requirement. ECF No. 22-1, ¶¶ 47–49, 52–62, 65, 79–81, PageID.468–73. These details include that she is a "devout Christian" and that upon the announcement of Defendant's vaccine mandate, she said a prayer asking for "wisdom in how [she] should respond to this vaccine mandate," and that "God answered her prayer by instructing her to refuse the COVID-19 vaccine." *Id.* ¶¶ 48, 54–55. Plaintiff asserts that "her body is a temple for the Holy Spirit and [she] honors God with her body," that she is required by God "to take care for her body as a temple

for the Holy Spirit," and that "it is a sin against God to dishonor her body by taking a COVID-19 vaccine." *Id.* ¶¶ 57–58, 60. She alleges that at her accommodation request interview with Defendant she said that she cannot "recall the last time she received any vaccine." *Id.* ¶ 65. Plaintiff also asserts that she believes that life begins at conception, and she opposes abortion for religious reasons. *Id.* ¶ 79. She believes "abortion is murder and therefore a sin," and she "avoids injecting her body with substances that were developed with or tested on fetal cell lines," which she believes includes the COVID-19 vaccine. *Id.* ¶¶ 79–80.

In addition, Plaintiff's proposed second amended complaint adds allegations regarding Defendant's Director of Employee and Labor Relations, Bart Feinbaum, who Plaintiff alleges "was responsible for deciding which employees received religious and medical accommodations to be exempt from the COVID-19 vaccine." *Id.* ¶ 40. According to the proposed second amended complaint, Mr. Feinbaum "told other employees in management that he doubted the validity of 'any' religious accommodation request" and "indicated that after performing personal research, and without consulting any religious leaders, he believed that the three major religions (Christianity, Judaism, and Islam) all allowed for vaccination against COVID-19." *Id.* ¶¶ 41–42. Plaintiff alleges Feinbaum stated that "the goal of Defendant's interview process was to 'pressure' employees to get vaccinated against COVID-19" and that "Defendant was not allowed to accept 'all' religious

accommodation requests[.]" *Id.* ¶¶ 44–45. Plaintiff asserts that this "constitutes direct evidence of discrimination and a blanket policy to deny religious accommodation beliefs." *Id.* ¶ 45.

## II.   LEGAL STANDARD

A party may amend a pleading after the opposing party's responsive pleading has been filed only by leave of court or by written consent of the adverse party. *See* Fed. R. Civ. P. 15(a)(2). However, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* The decision to grant or deny a motion to amend a pleading is within the sound discretion of the Court. *See Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990).

The standard for granting a motion for leave to amend a complaint is liberal. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980). Amendments should not be permitted in instances of "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). They should also not be permitted if the complaint could not survive a motion to dismiss. *Neighborhood Dev. Corp.*, 632 F.2d at 23. But the underlying motivation behind allowing amendments is that "cases should be tried on their merits rather than on the technicalities of pleadings," and this

motivation must inform the Court's decision. *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987).

## III.  DISCUSSION

Plaintiff seeks in her proposed second amended complaint to bring a failure-to-accommodate claim and a disparate treatment claim under Title VII (Counts I and II) and a disparate treatment claim and intentional discrimination claim under the ELCRA (Count III). ECF No. 22-1. Defendant argues that Plaintiff's proposed second amended complaint is futile and should not be filed because (1) Plaintiff has not alleged a sincerely held religious belief, thus defeating Counts I, II, and III, and (2) Plaintiff has not alleged sufficient facts to establish a claim for disparate treatment, which is fatal to Counts II and III. ECF No. 25.

### A.  Whether Plaintiff Alleges a Sincerely Held Religious Belief

To establish a prima facie case of religious discrimination in violation of Title VII based on an employer's failure to accommodate religious belief, a plaintiff must show that she: (1) holds a sincere religious belief that conflicts with a job requirement; (2) informed the employer of the conflict; and (3) was discharged for failing to comply with the conflicting job requirement. *Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 355–56 (6th Cir. 2020) (citing *Virts v. Consol. Freightways Corp. of Delaware*, 285 F.3d 508, 516 (6th Cir. 2002)). Once the plaintiff makes this showing, the burden shifts to the defendant to show that "it

could not reasonably accommodate the employee without undue hardship." *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007).

Defendant argues that Plaintiff's proposed second amended complaint is futile because it fails to allege a sincerely held religious belief. Defendant contends that Plaintiff's allegations that her "body is a temple" and that God instructed her not to receive the COVID-19 vaccine are not religious. Defendant also contends that Plaintiff's beliefs opposing the COVID-19 vaccine constitute a medical judgment not a religious belief. The Court disagrees and finds that Plaintiff's proposed second amended complaint alleges sufficient facts to make out a plausible claim for Title VII religious discrimination based on Defendant's failure to accommodate.

Defendant asserts that "Plaintiff's allegations here are functionally identical to those pled in *Lucky [v. Landmark Medical of Michigan. P.C.*, Case No. 23-cv-11004, 2023 WL 7095085 (E.D. Mich. Oct. 26, 2023) (Friedman, J.)]." ECF No. 25, PageID.604. In this, Defendant is correct. Like Plaintiff here, the plaintiff in *Lucky* resisted a vaccination and pleaded that she "is a non-denominational Christian" and "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer." *Lucky*, 2023 WL 7095085, at *1. She asserts that "God spoke to [her] in her prayers and directed her that it would be wrong to receive the COVID-19 vaccine." *Id.* The district court dismissed her complaint for failure to state a claim, stating that Lucky had not

7

alleged that "her religion has a specific tenet or principle that does not permit her to be vaccinated." *Id.* at *7.

However, that decision was reversed by the Sixth Circuit after the motion here was fully briefed. *See Lucky v. Landmark Med. of Mich., P.C.*, 103 F.4th 1241 (6th Cir. 2024). The Sixth Circuit held that the plaintiff's allegations were sufficient to establish that "her refusal to receive the vaccine was an 'aspect' of her 'religious observance' or 'practice' or belief.'" *Id.* at 1243 (citing 42 U.S.C. § 2000e(j)). Specifically, the court noted that the plaintiff pled:

> that she is "a non-denominational Christian" who believes she "should not have any vaccination enter her body such that her body would be defiled, because her body is a temple." She also pled that she "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer." She pled further that—as to the Covid vaccine in particular—"God spoke to [her] in her prayers and directed her that it would be wrong to receive the COVID-19 vaccine." And she pled that, as a result of her beliefs, she refused to receive the vaccine.

*Id.* (internal citations omitted). The Sixth Circuit stated that these are "allegations of particular facts–she prayed, she received an answer, she acted accordingly[,]" and that the plaintiff need not explain how "her religion has a specific tenet or principle that does not permit her to be vaccinated." *Id.* The court explained that "'[i]t is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds.'" *Id.*

at 1243–44 (quoting *Hernandez v. Comm'r of Internal Revenue*, 490 U.S. 680, 699 (1989)).

The Sixth Circuit recently found again that very similar allegations "were almost self-evidently enough to establish" that the plaintiff's refusal to receive the vaccine was an "aspect" of her religious observance and belief. *See Sturgill v. American Red Cross*, --- F.4th ---, 2024 WL 3886589, at *4 (6th Cir. Aug. 21, 2024) (stating that plaintiff's complaint "plausibly alleges that she prayed about whether to take the COVID-19 vaccine and concluded that not taking it would 'honor God and the temple he gave [her]'" and thus that her "'sincerely held religious beliefs prevent her from receiving the COVID-19 vaccination.'").

In applying *Lucky* and *Sturgill*, the Court concludes that Plaintiff's allegations in her proposed second amended complaint are enough to "establish, at the pleading stage, that her refusal to receive the vaccine was an 'aspect' of her religious observance or belief." *See Lucky*, 103 F.4th at 1243; *Sturgill*, 2024 WL 3886589, at *3-4. Similar to those cases, Plaintiff here alleges that she is a "devout Christian" and "derives her morals and conscience from Jesus Christ and the Bible." ECF No. 22-1, ¶¶ 47–48, PageID.468. "Upon announcement of Defendant's mandate," Plaintiff recited a prayer, and she "firmly believes that God answered her prayers by instructing her to refuse the COVID-19 vaccine." *Id.* ¶¶ 54–55. She believes "that God requires her to care for her body as a temple

for the Holy Spirit" and that "it is a sin against God to dishonor her body by taking a COVID-19 vaccine." *Id.* ¶¶ 58, 60.

Defendant further argues that Plaintiff's allegations in her proposed second amended complaint that she "believes that life begins at conception," "opposes abortion for religious reasons," "believes that abortion is murder," and "avoids injecting her body with substances that were developed with or tested on fetal cell lines" fails to state a claim for religious discrimination because she never informed Defendant of these alleged beliefs. ECF No. 25, PageID.606 (citing ECF No. 22-1, ¶ 79, PageID.472–73).[1] Defendant argues that even if Plaintiff had informed

---

[1] Defendant attaches to its Response brief Plaintiff's accommodation request and notes from her accommodation interview, ECF Nos. 25-2, 25-3, without any explanation as to why the Court may consider these documents in deciding Plaintiff's motion for leave to file a second amended complaint. The Sixth Circuit has stated the overarching principle that a court is prohibited from looking to facts outside the proposed amended pleading when determining whether the amendment is futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420–21 (6th Cir. 2000). However, in *Rose*, the document at issue was unquestionably outside the pleadings and could only be presented for purposes of a motion for summary judgment. The Sixth Circuit does explicitly allow certain documents outside the pleadings to be considered for purposes of a motion to dismiss. Specifically, in *Armengau v. Cline*, 7 F. App'x 339, 344 (6th Cir. 2001), the Sixth Circuit permits a court to consider four categories of documents under these circumstances: (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims; (2) matters of which a court may take judicial notice; (3) documents that are a matter of public record; and, (4) letters that constitute decisions of a governmental agency. *Id.* at 344. Plaintiff's accommodation request and the Defendant's interview notes are

Defendant about these beliefs, they still fail to state a claim for religious discrimination because "Plaintiff fails to draw a religious connection between her opposition to abortion and her opposition to [Defendant's] vaccination policy." Defendant points to cases from other jurisdictions in support of this argument, *Jackson v. Tyson Foods, Inc.*, No. 5:23-CV-5102, 2023 WL 9097854, at *8 (W.D. Ark. Nov. 27, 2023), *Winans v. Cox Auto., Inc.*, 669 F. Supp. 3d 394 (E.D. Pa. 2023), and *Wilson v. Bayhealth Med. Ctr., Inc.*, No. 22-1550-RGA, 2024 WL 359464, *5 (D. Del. Jan. 31, 2024).

However, these cases are not controlling and are readily distinguishable. In *Jackson*, the only substantive allegations about the plaintiffs' opposition to the vaccine stated: "Mr. and Mrs. Sims are 'strongly opposed to the use of aborted fetus cells used in the development and/or production of COVID-19 vaccines'; and that they 'respect[ ] all human life and refuse[ ] to benefit from harm to fetal life.'" 2023 WL

---

arguably documents "referenced in" Plaintiff's proposed second amended complaint and "central to" Plaintiff's religious discrimination claims and thus could be considered on a motion to dismiss. The Court therefore will consider those two documents at this stage of the proceedings. The Court finds that this is consistent with the well-established standard that a "proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420. The Court agrees that Plaintiff does not state her beliefs about abortion in her written accommodation request, but Defendant fails to explain why that prohibits consideration of those beliefs as an aspect of Plaintiff's religious observance or belief. But even if they were prohibited, Plaintiff's remaining allegations plausibly allege a failure to accommodate claim here.

9097854, at *8. The district court found this description failed to ground the plaintiffs' opposition to the vaccine in a religious belief. *Id.* Similarly, the district court in *Winans* found the plaintiff failed to link his "sincere concerns" with the use of fetal cell lines to "any formal and external signs" of religion. 669 F. Supp. 3d at 401 ("The Complaint does not even identify why Plaintiff objects to the use of fetal cell lines in the development of the COVID-19 vaccine; it merely asserts that fetal cell lines were, in fact, used by vaccine developers."). And in *Wilson*, the court found that "[a]side from a single conclusory statement that declares her religion is against abortion, Plaintiff's [sic] provides no information explaining how her aversion to abortion is based on her religious beliefs." 2024 WL 359464, at *5.

In this case, Defendant ignores that Plaintiff pleads, in addition to the allegations recited above, that "she opposes abortion for religious reasons," that "COVID-19 vaccines use a historic fetal cell line in production and manufacturing," and that she "believes that by receiving the COVID-19 vaccine she would be complicit in the sinful act of murder." ECF No. 22-1, ¶¶ 79–81, PageID.472–73. The Court finds, as stated above, that Plaintiff's proposed second amended complaint plausibly alleges that she had a sincerely held religious belief, and that such belief was linked directly with her objection to receiving the COVID-19 vaccine. *See Williams v. Blue Cross Blue Shield of Mich.*, No. 23-cv-12066, 2024 WL 1994258, at *4 (E.D. Mich. May 6, 2024) (Drain, J.) (collecting cases

holding that a plaintiff sufficiently pleads a failure to accommodate claim when the COVID-19 vaccine objection is based on a religious belief regarding the use of aborted fetal cells) (citations omitted). Whether Defendant understands the connection between Plaintiff's opposition to abortion and her opposition to the COVID-19 vaccine are irrelevant at this stage of the proceedings. Plaintiff's pleadings sufficiently state a religious belief underpinning Plaintiff's opposition to the vaccine.

Accordingly, the Court finds that Plaintiff has sufficiently alleged a sincerely held religious belief. She has further alleged that she informed Defendant of the conflict between her religious beliefs and Defendant's vaccine mandate by submitting a religious accommodation request and sitting for an interview before Defendant denied her request and ultimately terminated her for refusing to comply with the vaccine mandate. Plaintiff's proposed second amended complaint therefore alleges a plausible claim for Title VII religious discrimination based on Defendant's failure to accommodate.

### B.   Whether Plaintiff Alleges Disparate Treatment Claims

Defendant argues that Plaintiff's disparate treatment claims under Title VII and the ELCRA are futile because she does not sufficiently allege circumstantial or direct evidence of Defendant's discriminatory motive. ECF No. 25, PageID.609–23.

In order to state a claim of disparate treatment under Title VII and the ELCRA, Plaintiff must plausibly allege that Defendant treated her

differently than other employees because of her religion. *See Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 (6th Cir. 2024); *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004) ("Cases brought pursuant to the ELCRA are analyzed under the same evidentiary framework used in Title VII cases."). "A plaintiff can prove disparate treatment discrimination with direct or circumstantial evidence of the employer's discriminatory intent." *Martin v. Saginaw Cnty. Rd. Comm'n*, 606 F. Supp. 3d 639, 646 (E.D. Mich. 2022); *see also Hedrick v. Western Res. Care Sys.*, 355 F.3d 444, 453 (6th Cir. 2004) ("The direct evidence and circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both.").

### 1. Circumstantial evidence

Defendant argues that Plaintiff's proposed second amended complaint fails to sufficiently allege circumstantial evidence of Defendant's discriminatory motive because she fails to allege facts showing a "similarly situated" employee outside of Plaintiff's protected class was treated more favorably. ECF No. 25, PageID.612–14.

The Sixth Circuit confirmed that "[a] plaintiff does not have to allege specific facts establishing a prima facie case of discrimination in the[ ] complaint." *Savel*, 96 F.4th at 943 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). Thus, "Plaintiff need not identify specific, similarly situated employees who were treated more favorably, as long as the Court is able to reasonably infer that Defendant treated her

differently than other employees due to her religious beliefs." *Smith v. Blue Cross Blue Shield of Mich.*, No. 23-12064, 2024 WL 3991245, at *4 (E.D. Mich. Aug. 29, 2024) (Levy, J.) (citing *Spencer v. Blue Cross Blue Shield of Mich.*, No. 23-CV-11913, 2024 WL 3755979, at *4–5 (E.D. Mich. Aug. 12, 2024) (Parker, J.)). "Plaintiffs ... just need to plausibly allege that they were ... treated differently because of their religion." *Savel*, 96 F.4th at 943 (holding plaintiffs adequately pled a viable disparate treatment claim where they alleged that the defendant "categorically denied all religious exemption requests [from its COVID-19 vaccine mandate] while granting some nonreligious exemption requests."). "If a reasonable court can draw the necessary inference of discrimination from the factual material stated in the complaint, the plausibility standard has been satisfied." *Id.* (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)).

The Court finds that Plaintiff's proposed second amended complaint plausibly alleges that Defendant treated her differently than other employees based on her religious "beliefs." She alleges that "Defendant allowed other unvaccinated employees without Plaintiff's same religious belief to be exempted from Defendant's vaccine mandate policy;" "Plaintiff was treated differently than similarly situated employees with different religious beliefs who were allowed to continue working despite not being vaccinated;" "Plaintiff was terminated and replaced with a person of different religious beliefs;" and "other

employees performing similar job duties were granted religious and medical accommodations to the vaccine." ECF No. 22-1, ¶¶ 85, 114, 117–118, PageID.473, 478.

Other courts in this District have determined that "similar, if not nearly identical, allegations were sufficient to support an inference that other, similarly situated employees were treated differently." *See Smith*, 2024 WL 3991245, at *4 (collecting cases); *Ford v. Blue Cross Blue Shield of Mich.*, No. 23-12070, 2024 WL 3991246, at *4 (E.D. Mich. Aug. 29, 2024) (Levy, J.) (collecting cases); *Escamilla v. Blue Cross Blue Shield of Mich.*, No. 23-cv-10279, 2024 WL 2724158, at *3 (E.D. Mich. May 28, 2024) (Parker, J.) (finding plaintiff's allegations that the defendants "allowed other unvaccinated employees without Plaintiff's same religious beliefs to be exempted from [its] vaccine mandate policy" and that she "was treated differently than similarly situated employees with different religious beliefs who were allowed to continue working despite not being vaccinated" sufficient to establish a disparate treatment claim); *Gorski v. Ascension St. John Hosp.*, --- F. Supp. 3d ---, No. 22-cv-1327904, 2024 WL 1327904, at *4 (E.D. Mich. Mar. 24, 2024) (Grey, J.) (holding that plaintiff's allegations that the defendant handled religious exemption requests differently than "secular" ones and treated exemptions of Catholics and non-Catholics differently survive dismissal).

Accordingly, the Court finds that Plaintiff's proposed second amended complaint sufficiently alleges circumstantial evidence of Defendant's discriminatory motive.

### 2. Direct evidence

Direct evidence is that evidence which, if believed, "requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003) (quoting *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999)). Further, direct evidence of discrimination does not require any inferences to conclude that the challenged action was motivated at least in part by prejudice against members of the protected group. *Id.* (citing *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000) (explaining that "a facially discriminatory employment policy or a corporate decision maker's express statement of a desire to remove employees in the protected group is direct evidence of discriminatory intent.")).

Plaintiff here claims that the alleged statements from the Director of Employee and Labor Relations, Bart Feinbaum, constitute direct evidence of religious discrimination. Plaintiff's proposed second amended complaint alleges that Mr. Feinbaum "was responsible for deciding which employees received religious and medical accommodations to be exempt from the COVID-19 vaccine." ECF No. 22-1, ¶ 40, PageID.467. She alleges that "Mr. Feinbaum told other employees in management that he

doubted the validity of 'any' religious accommodation request" and that he indicated during a human resources meeting that "after performing personal research, and without consulting any religious leaders, he believed that the three major religions (Christianity, Judaism, and Islam) all allowed for vaccination against COVID-19." *Id.* ¶¶ 41–42. Mr. Feinbaum declared during that same human resources meeting "that Defendant's religious accommodation interviews would be conducted like 'mini depositions.'" He stated that "the goal of Defendant's interview process was to 'pressure' employees to get vaccinated against COVID-19," and "told the employees who would be conducting the religious accommodation interviews that Defendant was not allowed to accept 'all' religious accommodation requests[.]" *Id.* ¶¶ 43–45.

Defendant argues that Plaintiff's proposed second amended complaint does not sufficiently allege a "direct evidence" claim. ECF No. 25, PageID.614–19. Defendant contends that Plaintiff's allegations regarding Mr. Feinbaum do not "explicitly express[]" religious discrimination and instead "require far-fetched, impermissible *inferences* to arrive at 'direct evidence' of discriminatory intent." *Id.* PageID.615–16 (emphasis in original).

The Court disagrees with Defendant and agrees with its sister courts that "Plaintiff claims that she was discriminated against because of her different religious beliefs," and that, taken as true, "the alleged statements from the Director of Employee and Labor Relations display

disregard or animus towards certain religious beliefs." *See Ford*, 2024 WL 3991246, at *4; *Smith*, 2024 WL 3991245, at *4 (same); *Williams*, 2024 WL 1994258, at *5 (concluding that "[w]hen taken together and accepted as true, these allegations [regarding Mr. Feinbaum's statements] require the conclusion that unlawful discrimination was at least a motivating factor in Defendant's decision to deny Plaintiff's accommodation request.").

Defendant also argues that Plaintiff fails to establish a direct evidence claim because Mr. Feinbaum was not a decision-maker with respect to Plaintiff's accommodation request and her termination. ECF No. 25, PageID.618. Defendant contends that according to Plaintiff's accommodation interview notes, Vera Grigorian and Julie Tracy assessed Plaintiff's accommodation request, not Mr. Feinbaum. *Id.* However, as stated above, the proposed second amended complaint alleges that Mr. Feinbaum "was responsible for deciding which employees received religious and medical accommodations to be exempt from the COVID-19 vaccine." ECF No. 22-1, ¶ 40. That other individuals may have conducted the accommodation request interview does not conclusively demonstrate that they made the decision to terminate Plaintiff's employment.

Accordingly, construing the proposed second amended complaint in the light most favorable to Plaintiff and accepting all allegations as true, the Court find that Plaintiff's proposed second amended complaint

sufficiently alleges a disparate treatment claim under Title VII and the ELCRA.

The Court will therefore grant Plaintiff leave to file her second amended complaint.

### C.    Defendant's Motion for Judgment on the Pleadings

Generally, an amended complaint supersedes the original complaint. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014); *see also Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008) ("[A]n amended complaint supersedes all prior complaints."). "It follows that motions directed at the superseded pleading, such as Defendant's motion [for judgment on the pleadings] here, generally are to be denied as moot." *Nails v. RPI-Section 8 Housing*, No. 2:17-cv-13702, 2019 WL 1112381, at *4 (E.D. Mich. Mar. 11, 2019) (internal quotation marks omitted) (collecting cases); *see also Glass v. Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." (footnote omitted)).

Accordingly, the Court denies as moot Defendant's motion for judgment on the pleadings directed at Plaintiff's first amended complaint. ECF No. 20.

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion for leave to file a second amended complaint, ECF No. 22, and **DENIES** Defendant's motion for judgment on the pleadings, ECF No. 20, as **MOOT**.

**IT IS SO ORDERED.**

Dated: September 19, 2024    /s/Terrence G. Berg
_____
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE